UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                              )
DEAVEN E. TUCKER SR.,         )
        Plaintiff,            )
                              )
     v.                       )   C.A. No. 12-62-S
                              )
NANCY BAILEY, et al.,         )
        Defendants.           )
_____)
```

<u>MEMORANDUM AND ORDER</u>

WILLIAM E. SMITH, United States District Judge.

Plaintiff Deaven E. Tucker Sr., "in Propia Persona," has filed a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and related statutes. He has also filed a Motion to Amend Complaint (ECF No. 3), a Motion for Jury Demand (ECF No. 4), a Motion to Show Cause (ECF No. 5), and a Motion for an Extension of Time (ECF No. 6).

The Court is required by 28 U.S.C. § 1915A to screen the Complaint. Having done so, the Court finds that the Complaint in its current form does not state a claim on which relief may be granted.

I.   Background and Travel

Tucker filed the instant Complaint on February 2, 2012. (<u>See</u> Docket.) He alleges violations of his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Article I, §§ 20 and 21 of the

Rhode Island Constitution. (Compl. 3.) Tucker seeks declaratory and injunctive relief, compensatory and punitive damages, and costs incurred in filing this lawsuit. (Id. at 21-22.)

After the Complaint was filed, it languished for eight months without Tucker taking any action. (See Docket.) On October 10, 2012, this Court issued an order to show cause directing Plaintiff to show cause, in writing, why the matter should not be dismissed for lack of prosecution, namely failure to make service on Defendants within 120 days after filing of the Complaint and issuance of summons as required by Rule 4(m) of the Federal Rules of Civil Procedure. (Show Cause Order, ECF No. 2.) In response, on October 16, 2012, Plaintiff filed the Motion to Amend Complaint seeking to add a new defendant and claim, and the Motion for Jury Demand. On October 18, 2012, he filed the Motion to Show Cause and a Motion for an Extension of Time. (See Docket.)

II. Law

    A.   Screening Under § 1915A

Section 1915A directs courts to screen complaints filed by prisoners against a governmental entity, officer, or employee of such entity and dismiss the complaint, or any portion thereof,

if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.[1]

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion. See Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also id. ("The plausibility standard is not akin to a 'probability

---

[1] Section 1915A provides in relevant part:

**(a) Screening**.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

3

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (quoting Twombly, 550 U.S. at 556)).  The Court must accept Plaintiff's well-pled allegations as true, construe them in the light most favorable to him, and give him the benefit of all reasonable inferences.  See Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998) (citing Negron-Gaztambide v Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994)).  Although the Court must review pleadings of a pro se plaintiff liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court need not credit bald assertions or unverifiable conclusions, Iqbal, 556 U.S. at 678-79.

B.   Legal Standard Under § 1983

Section 1983 creates a remedy for violations of federal rights committed by persons acting under color of state law. Sanchez v. Pereira-Castillo, 590 F.3d 31, 40-41 (1st Cir. 2009). Section 1983 requires three elements for liability: deprivation of a federal constitutional or statutory right, a causal connection between the actor and the deprivation, and state action.  Id. at 41 (citing 42 U.S.C. § 1983).

4

III. Discussion

    A.   Complaint

    Tucker states that:

> [His] claims simply put are that the RIDOC prison
> officials acted in collusion with one of the lead
> homicide detectives assigned to investigating Tuckers
> criminal case before trial in an over zealous attempt
> to try and help state authorities secure a conviction
> on the criminal charges.  This ultimately resulted in
> the plaintiff's access to the courts and other
> established rights as a pre-trial detainee to his
> legal work, discovery and such. Due process of Law
> considerations as well as the plaintiff's rights to be
> free from all forms of cruel and unusual punishment
> being violated by defendants both then and now.  Also
> plaintiff should be free to file lawsuits and
> grievances without fear of retaliation.  Plaintiff had
> a right to call witnesses to disciplinary proceedings
> equal Protection against Discrimination.

(Compl. ¶ 29.)

    There is nothing simple about the Complaint, however.  The caption of the Complaint lists nineteen Defendants, including the Rhode Island Department of Corrections ("RIDOC"), fifteen officials and/or employees of the RIDOC (collectively, the "RIDOC Defendants"), two prosecuting attorneys for the State of Rhode Island, and one Pawtucket Police detective (collectively, the "State Defendants").[2]  (Compl. 1-2.)  The section of the Complaint entitled "Parties," however, includes as defendants persons who are not named in the caption and leaves out others.

---

[2] Both the RIDOC Defendants and the State Defendants are sued in their individual and official capacities.  (Compl. 1-2.)

5

(Id. ¶¶ 4-25.)   In addition, the "Facts" portion of the Complaint refers to individuals who are neither listed in the caption nor included as "Parties."   (Id. ¶¶ 28-68.)   Overall, the Complaint consists of 23 pages, 71 numbered paragraphs, and one count, which encompasses all violations alleged in the Complaint.   (See generally id.)   Rarely does Tucker link a particular allegation to a specific Defendant.   When he does, the reference is often vague and identifies the way the claim violates his constitutional rights only in general terms.

It is clear from the foregoing that the Complaint fails to comply with both the Local Rules of the United States District Court for the District of Rhode Island and the Federal Rules of Civil Procedure.   Rule 5 of the Local Rules ("Local Rules") states, in relevant part, that "[a]ny pleading or other document asserting a claim or counterclaim of any type shall include the full caption showing the names of all parties."   DRI LR Cv 5(a)(1).   In addition, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2);[3] see also Fed. R. Civ. P. 8(d) ("Each allegation must

---

[3] Rule 8(a) states  in full:

6

be simple, concise, and direct."). Plaintiff is not excused
from compliance with local and federal procedural rules merely
because he is pro se. See Inst. de Educacion Universal Corp. v.
United States Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir.
2000) (noting that pro se litigants are not excused from
compliance with procedural rules).

Moreover, Plaintiff has included claims and/or allegations
which cannot proceed. First, all claims for damages against the
RIDOC Defendants and State Defendants in their official
capacities must be dismissed. See Will v. Mich. Dep't of State
Police, 491 U.S. 58, 71 (1989) (holding that "neither a State
nor its officials acting in their official capacities are
'persons' under § 1983"); Jones v. Rhode Island, 724 F. Supp.
25, 28 (D.R.I. 1989) (dismissing plaintiff's § 1983 claims
against state and its officials or employees acting in their

---

**(a) Claim for Relief.** A pleading that states a claim
for relief must contain:
    (1) a short and plain statement of the grounds
for the court's jurisdiction, unless the court
already has jurisdiction and the claim needs no
new jurisdictional support;
    (2) a short and plain statement of the claim
showing that the pleader is entitled to relief;
and
    (3) a demand for the relief sought, which may
include relief in the alternative or different
types of relief.

Fed. R. Civ. P. 8(a).

official capacities based on Supreme Court's holding in Will).
This is because "a suit against a state official in his or her
official capacity is not a suit against the official but rather
is a suit against the official's office.  As such, it is no
different from a suit against the State itself," which, as noted
earlier, is not a person under § 1983.  Will, 491 U.S. at 71
(internal citation omitted).

Second, any claims against the State Defendants in their
individual capacities for damages which relate to the validity
of his conviction or length of his sentence must be dismissed.
See Heck v. Humphrey, 512 U.S. 477, 478, 486-87 (1994) (holding
that a state prisoner may not challenge the constitutionality of
his conviction in a suit for damages under 42 U.S.C. § 1983);
see also id. at 482 ("Congress has determined that habeas corpus
is the appropriate remedy for state prisoners attacking the
validity of the fact or length of their confinement.")  Such
claims are not cognizable under § 1983 unless and until
Plaintiff can demonstrate that his conviction has already been
invalidated.  See Thore v. Howe, 466 F.3d 173, 179 (1st Cir.
2006) (citing Heck, 512 U.S. at 487).  "[T]he most obvious
example of an action barred by Heck is one in which the
plaintiff actually seek[s] damages directly attributable to
conviction or confinement."  Hughes v. Lott, 350 F.3d 1157, 1160

8

(11th Cir. 2003) (second alteration in original) (internal quotation marks omitted). That is exactly what Plaintiff seeks here.

B.   Motion to Amend Complaint

Having reviewed the Complaint and the Motion to Amend Complaint, the Court rules as follows:

The Motion to Amend Complaint is GRANTED. Plaintiff is directed to file an amended complaint which shall:

> 1) be entitled "Amended Complaint;"
>
> 2) include the names of all Defendants in the caption;
>
> 3) be double-spaced;
>
> 4) set forth Plaintiff's allegations in separately numbered paragraphs;
>
> 5) comply with Rule 8(a) of the Federal Rules of Civil Procedure and provide adequate notice to Defendants of the nature and basis of Plaintiff's claims;
>
> 6) state where and when the acts or omissions about which Plaintiff complains occurred and who allegedly committed those acts or omissions;
>
> 7) be a complete document in itself, meaning that it shall be capable of being fully understood without having to read other documents (e.g., the original Complaint, affidavits, etc.);

8) state plainly the basis for Plaintiff's claim(s) against each Defendant and the relief which Plaintiff is seeking.

Plaintiff may include the new claim and defendant if he so desires.

Plaintiff may **not** include claims against the RIDOC Defendants or State Defendants in their official capacities, damages claims against the State Defendants in their individual capacities attributable to his conviction or sentence, or claims against anyone whose name is not included in the caption.

**Plaintiff is directed to file his amended complaint within thirty (30) days of the date of this Order.**

C.   Motion to Show Cause

The Court treats Plaintiff's "Motion to Show Cause" as a response to the Order to Show Cause and finds that Plaintiff has shown cause why this matter should not be dismissed for lack of prosecution, specifically failure to serve Defendants within the time specified in the Federal Rules of Civil Procedure. Accordingly, he may proceed with his action and file an amended complaint as outlined above.

D.   Motion for Jury Demand

The Motion for Jury Demand is DENIED without prejudice. Plaintiff may include a jury demand in his amended complaint.

10

E.   Motion for Extension of Time

Plaintiff's Motion for an Extension of Time within which to serve Defendants is GRANTED in part[4] due to the somewhat unusual circumstances of this case. **Plaintiff shall serve Defendants within sixty (60) days of the date the amended complaint is filed.**

IT IS SO ORDERED.


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  January 10, 2013

---

[4] Plaintiff sought an additional 120 days within which to serve Defendants.  The Court views this request as excessive due to the fact that Plaintiff's original 120 days expired without him taking any action.  The Court is giving him the benefit of the doubt in accepting his response to the Show Cause Order and granting any extension at all.