```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
DEAVEN E. TUCKER SR.,              )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 12-62-S
                                   )
NANCY BAILEY, et al.,              )
        Defendants.                )
_____)

## MEMORANDUM AND ORDER
## DISMISSING COMPLAINT WITHOUT PREJUDICE

WILLIAM E. SMITH, United States District Judge.

Before the Court is a civil Complaint (ECF No. 1) filed by Plaintiff Deaven E. Tucker Sr. For the reasons stated below, the Complaint is DISMISSED without prejudice for noncompliance with the Court's Memorandum and Order of January 10, 2013.

The following chronology is taken from the Court's Second Show Cause Order (ECF No. 9), issued on April 25, 2013:

> On February 2, 2012, Plaintiff Deaven E. Tucker Sr. filed a Complaint (ECF No. 1) in this Court pursuant to 42 U.S.C. § 1983 and related statutes. Over eight months later, on October 10, 2012, the Court issued a Show Cause Order (ECF No. 2), ordering Plaintiff to show cause, in writing, why the matter should not be dismissed for lack of prosecution, specifically failure to make service upon Defendants within 120 days after filing of the Complaint and issuance of summons as required by Fed. R. Civ. P. 4(m). The Show Cause Order further stated that if Plaintiff did not show cause by November 12, 2012, the matter would be dismissed without prejudice.
> In response, Tucker filed a Motion to Amend Complaint (ECF No. 3), a Motion for Jury Demand (ECF No. 4); a Motion to Show Cause (ECF No. 5); which the court construed as a response to the Show Cause Order; and a Motion for an

> Extension of Time (ECF No. 6) to serve Defendants. In a Memorandum and Order dated January 10, 2012 [sic] (ECF No. 8), the Court found that Tucker had shown cause why the matter should not be dismissed; granted the Motion to Amend Complaint; denied the Motion for Jury Demand without prejudice, noting that Tucker could include a jury demand in his amended complaint; and granted in part and denied in part the Motion for an Extension of Time. The Court gave specific instructions as to what Tucker should and should not include in his amended complaint.
> Tucker was directed to file his amended complaint within thirty (30) days of the date of the Memorandum and Order. Therefore, his deadline for filing the amended complaint was **February 11, 2013**. Tucker was also ordered to serve Defendants within sixty (60) days after the filing of the amended complaint.
> Tucker has not filed an amended complaint. Thus, he has not complied with the Memorandum and Order of January 10, 2013.
> Accordingly, the Court again orders Tucker to show cause, in writing, within thirty days (30) of the date of this Order, i.e., on or before **May 28, 2013**, why the action should not be dismissed.

(Second Show Cause Ord. 1-2.)

Tucker filed his response ("Second Resp.") (ECF No. 10), as well as an affidavit and exhibit in support thereof, to the Second Show Cause Order on May 9, 2013. In the affidavit, Tucker states that he sent his amended complaint to the Court two months ago. (Aff. 1.) This statement lacks credence, however, because in his response to the first Show Cause Order Tucker stated that he "wrote to this honorable court on three seperate [sic] occassions [sic] for a copy of the complaint & on the third time was given one, which plaintiff received on September 28th 2012 which court docket would show." (First Resp. 2, ECF No. 5.) The Court's docket reflects no such

requests; nor does the docket indicate that an amended complaint was received by the Court.[1]

Moreover, Tucker states that he "hand wrote over one hundred (100) pages" of an amended complaint, (Second Resp. 3), which clearly would not comply with Federal Rule of Civil Procedure Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In its Memorandum and Order of January 10, 2013, the Court quoted Rule 8(a), (Mem. & Ord. 7 n.2, Jan. 10, 2013), and gave Tucker specific instructions which included, among others, a directive to "comply with Rule 8(a) of the Federal Rules of Civil Procedure."[2] (Id. 9-10.)

Accordingly, the Court finds that Tucker has failed to comply with the Memorandum and Order of January 10, 2013. His response to

---

[1] As of the date of this Memorandum and Order, an amended complaint has not been filed with the Court.

[2] Rule 8(a) states in full:

**(a) Claim for relief**. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

the Second Show Cause Order is unpersuasive. Therefore, Tucker's Complaint is hereby DISMISSED without prejudice.[3]

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: June 6, 2013

---

[3] Should Tucker choose to file another Complaint, for convenience the Court repeats the instructions he was given in the Memorandum and Order of January 10, 2013:

    2) include the names of all Defendants in the caption;
    3) be double-spaced;
    4) set forth Plaintiff's allegations in separately numbered paragraphs;
    5) comply with Rule 8(a) of the Federal Rules of Civil Procedure and provide adequate notice to Defendants of the nature and basis of Plaintiff's claims;
    6) state where and when the acts or omissions about which Plaintiff complains occurred and who allegedly committed those acts or omissions;
    7) be a complete document in itself, meaning that it shall be capable of being fully understood without having to read other documents . . . ;
    8) state plainly the basis for Plaintiff's claim(s) against each Defendant and the relief which Plaintiff is seeking.

(Mem. & Ord. 9-10, Jan. 10, 2013.)