UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
DEAVEN E. TUCKER SR.,               )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 12-62 S
                                    )
NANCY BAILEY, et al.,               )
        Defendants.                 )
_____ )

**MEMORANDUM AND ORDER**
**DENYING MOTIONS TO REOPEN CASE AND AMEND COMPLAINT**

WILLIAM E. SMITH, Chief Judge.

Before the Court are two motions filed by Plaintiff Deaven E. Tucker Sr., a motion to reopen his case (ECF No. 15), a civil rights Complaint which the Court dismissed without prejudice on June 6, 2013, and a motion for leave to amend that Complaint (ECF No. 16). For the reasons stated below, both motions are DENIED.

The following chronology is taken from the Court's Second Show Cause Order (ECF No. 9), issued on April 25, 2013:

> On February 2, 2012, Plaintiff Deaven E. Tucker Sr. filed a Complaint (ECF No. 1) in this Court pursuant to 42 U.S.C. § 1983 and related statutes. Over eight months later, on October 10, 2012, the Court issued a Show Cause Order (ECF No. 2), ordering Plaintiff to show cause, in writing, why the matter should not be dismissed for lack of prosecution, specifically failure to make service upon Defendants within 120 days

> after filing of the Complaint and issuance of
> summons as required by Fed. R. Civ. P. 4(m). The
> Show Cause Order further stated that if Plaintiff
> did not show cause by November 12, 2012, the
> matter would be dismissed without prejudice.
>
> In response, Tucker filed a Motion to Amend
> Complaint (ECF No. 3), a Motion for Jury Demand
> (ECF No. 4); a Motion to Show Cause (ECF No. 5);
> which the court construed as a response to the
> Show Cause Order [First Response]; and a Motion
> for an Extension of Time (ECF No. 6) to serve
> Defendants. In a Memorandum and Order dated
> January 10, 2012 [sic] (ECF No. 8), the Court
> found that Tucker had shown cause why the matter
> should not be dismissed; granted the Motion to
> Amend Complaint; denied the Motion for Jury
> Demand without prejudice, noting that Tucker
> could include a jury demand in his amended
> complaint; and granted in part and denied in part
> the Motion for an Extension of Time. The Court
> gave specific instructions as to what Tucker
> should and should not include in his amended
> complaint.
>
> Tucker was directed to file his amended
> complaint within thirty (30) days of the date of
> the Memorandum and Order. Therefore, his
> deadline for filing the amended complaint was
> **February 11, 2013**. Tucker was also ordered to
> serve Defendants within sixty (60) days after the
> filing of the amended complaint.

(Second Show Cause Ord. 1-2 (emphasis in original).)

Tucker did not file an amended complaint by February 11, 2013. Thus, he failed to comply with the Memorandum and Order of January 10, 2013. The Court subsequently issued a Second Show Cause Order on April 25, 2013. Tucker was ordered to show cause, in writing, on or before May 28, 2013, why the action

2

should not be dismissed.  Tucker filed a response (ECF No. 10) (Second Response), with an affidavit and exhibit in support thereof, to the Second Show Cause Order on May 9, 2013.  The Court found Tucker's response unpersuasive.  In a Memorandum and Order issued on June 6, 2013 (ECF No. 11), the Court stated:

> In the affidavit, Tucker states that he sent his amended complaint to the Court two months ago. (Aff. 1.)  This statement lacks credence, however, because in his response to the first Show Cause Order Tucker stated that he "wrote to this honorable court on three seperate [sic] occassions [sic] for a copy of the complaint & on the third time was given one, which plaintiff received on September 28th 2012 which court docket would show." (First Resp. 2, ECF No. 5.) The Court's docket reflects no such requests; nor does the docket indicate that an amended complaint was received by the Court.
> Moreover, Tucker states that he "hand wrote over one hundred (100) pages" of an amended complaint, (Second Resp. 3), which clearly would not comply with Federal Rule of Civil Procedure Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In its Memorandum and Order of January 10, 2013, the Court quoted Rule 8(a), (Mem. & Ord. 7 n.2, Jan. 10, 2013), and gave Tucker specific instructions which included, among others, a directive to "comply with Rule 8(a) of the Federal Rules of Civil Procedure." (Id. 9-10.)

(Mem. & Ord. 2-3, June 6, 2013 (alterations in original) (footnotes omitted).)  The Court found that Tucker again failed to comply with the Memorandum and Order of January

3

10, 2013. It therefore dismissed Tucker's Complaint without prejudice on June 6, 1913. (Id. at 4.)

Thereafter, Tucker filed the instant motions to reopen and amend his Complaint, along with another affidavit (ECF No. 17) (Second Aff.). The Court briefly addresses Tucker's arguments.

Tucker "argues that he has filed all motions, orders & or memorandums, therefore, does not know why this honorable court has not received them. (Mot. to Reopen 1.) Any motions Tucker filed, however, were not timely filed. (Docket.) He reiterates this argument in the affidavit filed in support of the instant motions. (Second Aff. 1.) Tucker states that he did comply with the Court's orders, but that he was following the rules of the District Court of Hartford regarding service and appears to blame the Connecticut Department of Corrections for the "missing legal work," (id.), presumably his amended complaint. However, it is Tucker's responsibility to ensure that he is following the correct court rules[1] and that his amended complaint actually reaches the Court. Citing Gomez v. USAA Fed. Savs. Bank, 171 F.3d 794 (2d Cir. 1999), among other

---

[1] The Local Rules for the District of Rhode Island are on the Court's website.

cases, Tucker argues that the Court should not dismiss a pro se complaint without granting leave to amend "at least once," id. at 795, and that "justice requires amendment of the complaint in this case," (Mot. to Amend 4). Tucker overlooks the fact that he was given an opportunity to amend the Complaint. (Mem. & Ord. 9, Jan. 10, 2013, ECF No. 8.) Moreover, the Gomez case is inapposite. There, the case was dismissed pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and failing to state a claim. Gomez, 171 F.3d at 795. Here, although on initial screening the Court found that Tucker's Complaint failed to state a claim, ultimately the Complaint was dismissed for failure to comply with this Court's orders. (Mem. & Ord. 3-4, June 6, 2013.) Finally, Tucker describes the ways in which he would amend the "currently operative pro se complaint." (Mot. to Amend 1; see also id. 1-3.) However, there is no "currently operative pro se complaint," as Tucker's original Complaint was dismissed and the case closed. Therefore, there is nothing to amend.

Again the Court is not persuaded by Tucker's reasons for his noncompliance. Therefore, the Motion to Reopen and Motion to Amend are DENIED. The Court notes, however, that Tucker's original Complaint was dismissed without

prejudice. Accordingly, he is free to file a new complaint.[2]

IT IS SO ORDERED.

/s/ W. Smith

William E. Smith
Chief Judge
Date: March 26, 2014

---

[2] Should Tucker choose to file another complaint, for convenience the Court repeats the instructions he was given in the Memorandum and Order of January 10, 2013:

> 2) include the names of all Defendants in the caption;
> 3) be double-spaced;
> 4) set forth Plaintiff's allegations in separately numbered paragraphs;
> 5) comply with Rule 8(a) of the Federal Rules of Civil Procedure and provide adequate notice to Defendants of the nature and basis of Plaintiff's claims;
> 6) state where and when the acts or omissions about which Plaintiff complains occurred and who allegedly committed those acts or omissions;
> 7) be a complete document in itself, meaning that it shall be capable of being fully understood without having to read other documents (e.g., the original Complaint, affidavits, etc.);
> 8) state plainly the basis for Plaintiff's claim(s) against each Defendant and the relief which Plaintiff is seeking.

(Mem. & Ord. 9-10, Jan. 10, 2013, ECF. No. 8.)